NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PETER E. GERSTEN,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2025-1233

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-00288-LAS, Senior Judge Loren A. Smith.

---

Decided: April 6, 2026

---

JOSEPH WILKINSON, II, Tully Rinckey PLLC, Washington, DC, argued for plaintiff-appellant.

RETA EMMA BEZAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee. Also represented by STEVEN JOHN GILLINGHAM, PATRICIA M. MCCARTHY, YAAKOV ROTH; JESSICA VASIL, United States Air Force, Joint Base Andrews, MD.

---

Before DYK, SCHALL, and PROST, *Circuit Judges.*

DYK, *Circuit Judge.*

Peter Gersten appeals a decision by the Court of Federal Claims ("Claims Court") dismissing his complaint on the grounds of nonjusticiability and for failure to state a claim. We conclude that the Air Force Board for the Correction of Military Records' (the "Board's") decision denying relief is justiciable, at least in part. On the merits, we conclude that the Board's decision regarding the Secretary's decision to retire Mr. Gersten at the grade of O-6 was not arbitrary and capricious and was supported by substantial evidence. Accordingly, we conclude that, although the complaint should not have been dismissed, the government was nonetheless entitled to judgment on the administrative record. We therefore vacate the dismissal and remand with instructions to enter judgment on the administrative record in favor of the government.

BACKGROUND

I

Section 1370 of Title 10 governs the retirement grade of regular commissioned officers. That statute states that an officer "shall be retired in the highest permanent grade in which such officer is deemed to have served on active duty satisfactorily." 10 U.S.C. § 1370(a)(1). "The determination of satisfactory service" is made by "the Secretary of the military department concerned, if the officer is serving in a grade at or below the grade of major general." § 1370(a)(2)(A). "If the Secretary of a military department . . . determines that an officer committed misconduct in a lower grade" (than the highest permanent grade in which the officer is determined to have served on active duty satisfactorily), "such Secretary may deem the officer to have not served satisfactorily in any grade equal to or

higher than such lower grade" and "the grade next lower to such lower grade shall be the retired grade of the officer." § 1370(a)(3).

Department of the Air Force Instruction 36-3203 ("AFI 36-3203"), dated September 18, 2015, which was binding at the time of Mr. Gersten's retirement, offers additional guidance on when an officer in the Air Force is deemed to have served satisfactorily. Paragraph 7.6.2.2 provides factors that the Secretary may consider when making a retirement grade determination, including "the nature and length of the officer's improper conduct, the impact the conduct had on military effectiveness, the quality and length of the officer's service in each grade at issue, past cases involving similar conduct, and the recommendations of the officer's command chain." That same paragraph also notes that "[a] single incident of misconduct can render service in a grade unsatisfactory despite a substantial period of otherwise exemplary service." AFI 36-3203, para. 7.6.2.2.

## II

Mr. Gersten retired from the United States Air Force in 2020 after serving for over 30 years. He was promoted in 2007 to Colonel at the grade of O-6, then in 2011 to Brigadier General at the grade of O-7, and finally in 2015 to Major General at the grade of O-8.

In 2019, Mr. Gersten was relieved of his command after his superiors learned he had engaged in an inappropriate physical relationship with a subordinate officer while serving as a Major General. A Secretary of the United States Air Force/Inspector General ("SAF/IG") investigation was subsequently instituted based on two allegations against Mr. Gersten: (1) that in 2018 he engaged in an improper personal relationship with a subordinate in his command, in violation of Article 134, Adultery, of the Uniform Code of Military Justice ("UCMJ"); and (2) that when he served at the grade of O-7

he "engaged in inappropriate personal relationships with multiple women, which seriously compromised his standing as an officer, in violation of Article 133, Conduct Unbecoming an Officer and Gentleman, of the UCMJ. J.A. 15.[1]  The SAF/IG concluded in a report that both allegations were substantiated.

Based on the SAF/IG report, Mr. Gersten's commander imposed nonjudicial punishment and recommended that he be retired at the grade of O-7.  The Secretary directed that an Officer Grade Determination ("OGD") board be convened to make a recommendation on Mr. Gersten's retirement grade.  The OGD board, and the Air Force Personnel Council, concurred with Mr. Gersten's commander and recommended that he be retired at the grade of O-7.  The Secretary concluded that Mr. Gersten did not serve satisfactorily at the grade of O-7 based entirely on the findings from the SAF/IG investigation and decided to retire him at the grade of O-6 pursuant to 10 U.S.C. § 1370.  Mr. Gersten was discharged honorably on December 31, 2020.  He was not provided with a copy of the Secretary's written decision at that time.

On May 14, 2023, Mr. Gersten petitioned the Board to correct his records to reflect a retirement grade of O-7, not O-6.  Mr. Gersten did not challenge the Secretary's decision that he did not serve satisfactorily at the grade of O-8 because of his relationship with a subordinate officer.  In his written submission to the Board, Mr. Gersten did not request a copy of the Secretary's decision or argue that the government should have provided him with a copy of the Secretary's decision.  Rather, Mr. Gersten assumed the Secretary's decision was based on the SAF/IG report and argued that the Secretary's decision was erroneous

---

[1]  Citations to the J.A. refer to the Corrected Joint Appendix submitted by the parties at Dkt. No. 16.

because the report did not present substantial evidence that he had multiple affairs when he held the rank of Brigadier General (O-7) and because the Secretary departed from the recommendations of the OGD Board. The Board, citing the SAF/IG report, denied Mr. Gersten's petition after finding that the Secretary's decision was supported by substantial evidence.

On February 12, 2024, Mr. Gersten filed a Freedom of Information Act ("FOIA") request for "[t]he signed memo or other document in which the Secretary . . . memorialized her decision to retire Mr. Gersten in the rank of Colonel (O-6) instead of Brigadier or Major General." J.A. 96.    On February 23, 2024, before receiving the government's response to his FOIA request, Mr. Gersten filed a complaint in the Claims Court seeking an adjustment in his retirement grade from O-6 to O-7 and back retirement pay. His complaint argued that the Board lacked substantial evidence that he had affairs with civilian women while serving at the grade of O-7 and did not show he violated Article 133 of the UCMJ because his conduct did not violate a military custom. The government filed an administrative record that included the Secretary's written decision and moved to dismiss the complaint, or in the alternative, for judgment on the administrative record.

On October 29, 2024, the Claims Court granted the government's motion to dismiss on the grounds of nonjusticiability and, to the extent that Mr. Gersten's claim was justiciable, for failure to state a claim. As to the first issue, the Claims Court characterized Mr. Gersten's claim as seeking review of a routine personnel decision, over which the military, and specifically the Secretary, has sole authority. The court thus concluded that Mr. Gersten's claim was "inherently nonjusticiable," relying primarily on our previous decision in *Adkins v. United States*, 68 F.3d 1317 (Fed. Cir. 1995). J.A. 11. As to the second issue, the Claims Court concluded that to

the extent Mr. Gersten asked the court to set aside the Board's decision finding that Mr. Gersten violated Article 133 of the UCMJ, this argument was forfeited because it was not raised before the Board.

Mr. Gersten timely appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review whether the Claims Court properly dismissed a complaint de novo. *Vensure HR, Inc. v. United States*, 119 F.4th 7, 11 (Fed. Cir. 2024).

Mr. Gersten's appeal presents three issues: (1) whether his claims are justiciable, (2) whether the Board's determination that Mr. Gersten had inappropriate relationships with multiple women while serving at the grade of O-7 was supported by substantial evidence, and (3) whether that conduct violated Article 133 of the UCMJ, including whether his failure to raise this argument before the Board is excused because the Board did not provide him with a copy of the Secretary's decision.

I

First, as to justiciability, Mr. Gersten argues that his claim is justiciable because he is seeking review of his retirement paygrade, not a promotion or demotion decision that is left to the discretion of the military. The government supports the Claims Court's decision and argues that Mr. Gersten's claim was not justiciable. We agree with Mr. Gersten, at least in part.

In *Fisher v. United States*, 402 F.3d 1167 (Fed. Cir. 2005), not cited or discussed in the Claims Court's decision, this court held that a claim that a medical disability should have resulted in medical discharge and retirement backpay was justiciable. *Id.* at 1171, 1184. We explicitly distinguished *Adkins*, on which the Claims Court relied to conclude that Mr. Gersten's claim was not justiciable. *Id.*

at 1180–81.  As *Fisher* explained, *Adkins* concerned "who should be allowed to serve on active duty, and in what capacity." *Id.* at 1180.  *Fisher* agreed that we "will not address the merits of . . . the basic question of an individual's eligibility to serve the nation as a war fighter," *id.*, but we can review "society's legal obligations to those who are no longer within the military forces," *id.* at 1182. *Fisher* has made clear that retirement claims are not categorically nonjusticiable.

More recently, in *Bader v. United States*, 97 F.4th 904 (Fed. Cir. 2024), we addressed whether certain misconduct could form the basis for retirement at a grade lower than the highest permanent grade served under § 1370, the same provision at issue here.  97 F.4th at 906.  In *Bader*, the Secretary retired Col. Bader at the grade of O-6, instead of O-7, after an Inspector General report concluded that Col. Bader's conduct violated 5 C.F.R. § 2635. *Id.* at 907–08.  Col. Bader petitioned the Board to correct his military records to reflect retirement at the grade of O-7.  *Id.* at 908.  That Board, and subsequently the Claims Court, denied relief.  *Id.* at 908–09.  On appeal to this court, Col. Bader argued that the record did not support the finding that his conduct violated 5 C.F.R. § 2635.  *Id.* at 911.  This court affirmed the Claims Court after examining the record and determining that substantial evidence supported the finding that Col. Bader violated 5 C.F.R. § 2635 and that a violation of this regulation and the statute could support the Secretary's decision to retire Col. Bader at the grade of O-6.  *Id.* at 911–15.

*Fisher* and *Bader* make clear that to the extent Mr. Gersten asks a court to review whether substantial evidence supports the Board's decision regarding the Secretary's decision, it can do so.  *See Fisher*, 402 F.3d at 1182; *Bader*, 97 F.4th at 909.  To be sure, there may be aspects of the Secretary's decision that are nonjusticiable because they are committed to the Secretary's discretion. As Mr. Gersten concedes, this court cannot "weigh estab-

lished misconduct against his good service." Appellant's Br. 23. But, insofar as Mr. Gersten claims that the Board's decision is not supported because there was no substantial evidence of the conduct alleged, that claim is justiciable.

## II

Mr. Gersten argues that the SAF/IG report does not provide substantial evidence to support the Board's finding regarding his multiple affairs, or that these affairs violated Article 133. The Claims Court dismissed Mr. Gersten's complaint in part because he forfeited the argument that "the SAF/IG investigation . . . failed to substantiate a violation of Article 133." J.A. 11.

With respect to Mr. Gersten's argument that the SAF/IG report does not provide substantial evidence that he engaged in multiple affairs, this argument was properly raised before the Board and not forfeited. But the SAF/IG report contains substantial evidence to support the Board's finding regarding Mr. Gersten's relationships with multiple women while serving at the grade of O-7. *See* J.A. 197–205 (describing text messages and witness statements).

## III

As to Mr. Gersten's argument that these affairs cannot form the basis for a violation of Article 133, we agree with the Claims Court that this argument was forfeited, and we need not determine whether it is justiciable.

Mr. Gersten argues that he did not forfeit this argument because he was not provided with the Secretary's written decision and thus had no notice that she relied on a determination that Mr. Gersten violated Article 133.

Pursuant to Department of Defense Instruction 1320.04, Enclosure 5: Procedures Specific to O-7 through O-10 Actions, paragraph 4(c)(3)(j), "[i]f the Secretary of

the Military Department intends on exercising their authority to retire a general officer at a lower grade, they must forward a memorandum . . . to the [Secretary of Defense] advising of such intent." J.A. 140. The Secretary's written decision that Mr. Gersten claims he should have received is this memorandum.

It is clear that the Board obtained the Secretary's memorandum, as the Board's decision describes the content of the memorandum. The Board is required to give applicants "an opportunity to review and comment on . . . additional information obtained by the Board," 32 C.F.R. § 865.4(b), and "access to all records considered by the Board, except those classified or privileged," 32 C.F.R. § 865.8(b). As there is no evidence that the Secretary's decision was classified or privileged, it appears that the Board should have provided it to Mr. Gersten in accordance with the regulations. *See* J.A. 161.

While it was likely error by the Board not to give Mr. Gersten the Secretary's written decision, we conclude that, by not raising it before the Board, Mr. Gersten forfeited any argument that the Board erred in this respect. *See Metz v. United States*, 466 F.3d 991, 999 (Fed. Cir. 2006). In any event, because Mr. Gerston had the SAF/IG report, upon which the Secretary relied exclusively for her decision, the Board's error was harmless.

We also conclude that Mr. Gersten forfeited the argument that his multiple affairs were not a violation of Article 133. Based on the information Mr. Gersten had at the time he filed his petition to the Board (that the SAF/IG report concluded he had violated Article 133 and the assumption that the Secretary's decision relied on the SAF/IG report), he could have argued that affairs with civilian women could not substantiate a violation of Article 133. Instead, his arguments were limited to the credibility of the testimony supporting the underlying

factual allegation he had multiple affairs with civilian women. Given that Mr. Gersten could have, but failed to, argue that the report did not substantiate a violation of Article 133, that argument is forfeited.

## CONCLUSION

We conclude that Mr. Gersten's claims are justiciable at least in part under *Fisher* and *Bader*. While it was likely error for Mr. Gersten not to receive the Secretary's written decision earlier than he did, we conclude that Mr. Gersten forfeited this argument and that this error was harmless. As to Mr. Gersten's argument that the SAF/IG report does not provide substantial evidence for the Board's finding regarding his affairs that violated Article 133, we conclude that the report did provide substantial evidence of his affairs, but that Mr. Gersten forfeited any argument with respect to whether his conduct could violate Article 133 by not raising it before the Board. We therefore vacate the dismissal and remand with instructions to enter judgment for the government on the administrative record.

## VACATED AND REMANDED

### COSTS

No costs.